No. 19-10604

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ROBERT W. OTTO, PH.D. LMFT, individually and on behalf of his patients, and
JULIE H. HAMILTON, PH.D., LMFT, individually and on behalf of her patients,
Plaintiffs–Appellants

*v.*

CITY OF BOCA RATON, FLORIDA, and
COUNTY OF PALM BEACH, FLORIDA
Defendants–Appellees

On Appeal from the United States District Court
for the Southern District of Florida
In Case No. 9:18-cv-80771-RLR before the Honorable Robin L. Rosenberg

## PLAINTIFFS-APPELLANTS' MOTION TO EXPEDITE APPEAL

### ***TIME-SENSITIVE***

Mathew D. Staver (Fla. 0701092)
Horatio G. Mihet (Fla. 026581)
Roger K. Gannam (Fla. 240450)
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
Phone: (407) 875-1776
E-mail: court@lc.org

*Attorneys for Plaintiffs–Appellants*

No. 19-10604

OTTO, *etc., et al.* v. CITY OF BOCA RATON, *etc., et al.*

## PLAINTIFFS-APPELLANTS' CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Plaintiffs-Appellants hereby certify that the following individuals and entities are known to have an interest in the outcome of this case:

Abbott, Daniel L.

Carlton Fields Jorden Burt, P.A.

City of Boca Raton, Florida

Cole, Jamie A.

Dreier, Douglas C.

Dunlap, Aaron C.

Equality Florida Institute, Inc.,

Fahey, Rachel Marie

Flanigan, Anne R.

Gannam, Roger K.

Gibson, Dunn & Crutcher LLP

Hamilton, Julie H., Ph.D., LMFT

Hoch, Rand

Hvizd, Helene C.

Liberty Counsel, Inc.

Mihet, Horatio G.

C-1 of 2

No. 19-10604
OTTO, *etc., et al.* v. CITY OF BOCA RATON, *etc., et al.*

Otto, Robert W., Ph.D. LMFT

Palm Beach County, Florida

Palm Beach County Human Rights Council

Phan, Kim

SDG Counseling, LLC

Staver, Mathew D.

Sutton, Stacey K.

The Trevor Project

Walbolt, Sylvia H.

Weiss Serota Helfman Cole & Bierman, P.L.

Yasko, Jennifer A.

No publicly traded company or corporation has an interest in the outcome of this case.

/s/ Horatio G. Mihet<br>
Horatio G. Mihet<br>
*Attorney for Plaintiffs–Appellants*

## PLAINTIFFS-APPELLANTS' TIME SENSITIVE MOTION TO EXPEDITE APPEAL

Plaintiffs–Appellants, ROBERT W. OTTO, Ph.D. LMFT and JULIE H. HAMILTON, Ph.D. LMFT (collectively, "Counselors"), pursuant to Fed. R. App. P. 27, 11th Cir. R. 27-1 and 11th Cir. R. 27 I.O.P. 3, respectfully move the Court for an order expediting the briefing, oral argument, and ultimate disposition of their appeal against Defendants–Appellees, City of Boca Raton, Florida and Palm Beach County, Florida (collectively, the "Localities"), and respectfully request that the Court treat this motion as "time sensitive" pursuant to 11th Cir. R. 27-1(b)(1).[1]

## INTRODUCTION

### I. ONGOING IRREPARABLE HARM FROM THE LOSS OF FIRST AMENDMENT RIGHTS JUSTIFIES AN EXPEDITED APPEAL.

"The loss of First Amendment freedoms, for even minimal periods of time, **unquestionably constitutes irreparable injury**." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (emphasis added). Counselors bring this appeal to vindicate their First Amendment freedoms which the Localities have eviscerated. The Localities enacted ordinances banning derisively labeled "conversion therapy" for minors, ostensibly to prohibit shock treatments, involuntary camps, and other chimerical or long-

---

[1] This appeal was filed within one hour of the denial of Plaintiff-Appellants' motion for preliminary injunction, and this motion was filed the next morning after the docketing of this appeal.

1

abandoned practices. In reality, the ordinances' blanket speech bans completely foreclose Counselors' provision of non-aversive, purely voluntary, **speech-only** counseling to clients who desire professional counseling to reduce or eliminate unwanted same-sex attractions or gender confusion.[2] The ordinances violate Counselors' First Amendment rights by chilling and abridging their free speech, and work ongoing and irreparable harm each day they remain in effect.

This case involves precisely the kind of censorship and government intrusion into the provider-patient relationship that both the Supreme Court and this Court sitting en banc have denounced. Most recently, in *Nat'l Inst. for Family & Life Advocates v. Becerra*, 138 S. Ct. 2361 (2018) (hereinafter, "*NIFLA*"), the Supreme Court sternly cautioned:

> As with other kinds of speech, **regulating the content of professionals' speech poses the inherent risk that the Government seeks not to advance a legitimate regulatory goal, but to suppress unpopular ideas or information**. Take medicine, for example. Doctors help patients make deeply personal decisions, and their candor is crucial. Throughout history, governments have manipulated the content of doctor-patient discourse to increase state power and suppress minorities . . . .

---

[2] Counselors brought their constitutional claims under the First and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, and this appeal arises under 28 U.S.C. § 1292(a)(1) following the district court's denial of Counselors' motion for preliminary injunction.

2

> **. . . . [A]and the people lose when the government is the one deciding which ideas should prevail**.

138 S. Ct. at 2374 (emphasis added) (citations and internal quotation marks omitted).

Similarly, this en banc Court explained in *Wollschlaeger v. Florida*, 848 F.3d 1293 (11th Cir. 2017):

> The . . . provisions expressly limit the ability of certain speakers—doctors and medical professionals—to write and speak about a certain topic . . . and thereby restrict their ability to communicate and/or convey a message. As a result, there can be no doubt that these provisions trigger First Amendment scrutiny. Speech is speech, and it must be analyzed as such for purposes of the First Amendment.
>
> . . . .
>
> **Innocent motives, moreover, do not eliminate the danger of censorship presented by a facially content-based statute, as future government officials may one day wield such statutes to suppress disfavored speech.**

848 F.3d at 1307 (emphasis added) (citations and internal quotation marks omitted).

The relief requested by Counselors is expressly authorized by 11th Cir. R. 27 I.O.P. 3, which authorizes the expediting of appeals upon motion and for good cause shown. *See also Reshard v. Britt*, 819 F.2d 1573, 1576 (11th Cir.) (explaining grant of motion to expedite appeal where "plaintiffs argued that a delay, or failure to grant their requested relief, would cause them irreparable injury."), *vacated on other grounds*, 831 F.2d 222 (11th Cir. 1987); *Nat'l Socialist Party of Am. v. Vill. of Skokie*, 432 U.S. 43, 44 (1977) (observing "immediate appellate review" or stay of lower

3

court ruling are mandatory "strict procedural safeguards" for First Amendment rights "during the period of appellate review which, in the normal course, may take a year or more to complete").

As shown below, the district court disregarded controlling precedent from the Supreme Court and this Court on foundational First Amendment standard of review and burden of proof issues, effectively depriving Counselors of a preliminary determination of their First Amendment rights below, and necessarily subjecting Counselors' claims to the inherent interval and rigor of an appeal to obtain meaningful review in the first instance. Thus, Counselors respectfully request that the briefing, oral argument, and ultimate disposition of their appeal be expedited so that their meritable First Amendment claims of irreparable harm may be adjudicated forthwith.

## II.  THE DISTRICT COURT ACKNOWLEDGED BUT REFUSED TO APPLY BINDING PRECEDENT FROM THIS COURT AND THE SUPREME COURT REQUIRING STRICT SCRUTINY OF THE SPEECH BANS, AND DECLINED EVEN TO IDENTIFY THE APPLICABLE STANDARD OF REVIEW.

The issues on appeal comprise simple and foundational standard of review and burden of proof questions under the First Amendment, combined with more complex questions concerning governmental suppression of protected speech. The district court's clear errors on the simple, foundational questions further justify expedited review by this Court. The first of these questions is the proper standard of

review to apply to the Localities' content-based restrictions of Counselors' speech, which standard must be strict scrutiny according to binding precedent disregarded by the district court.[3]

Unequivocal Supreme Court precedent requires the ordinances to survive strict scrutiny to be upheld. Indeed, in *Reed v. Town of Gilbert*, the Supreme Court issued its firm rule: **all** content-based restrictions on speech must receive strict scrutiny. 135 S. Ct. 2218, 2228 (2015) ("[A] law that is content based on its face is subject to strict scrutiny regardless of the government's benign motive, content-neutral justification, or lack of animus towards the ideas contained in the regulated speech."). In handing down that firm rule, the Supreme Court foreclosed different treatment for content-based regulations of the speech of professionals. *Id.* at 2229 ("'[I]t is no answer . . . to say . . . that the purpose of these regulations was merely to insure high professional standards and not to curtail free expression.'" (second and third modifications in original) (quoting *NAACP v. Button,* 371 U.S. 415, 438–39 (1963))).

More recently, in *NIFLA*, the Supreme Court confirmed that regulations on the speech of licensed professionals is no exception to this rule. The Court affirmed

---

[3] The ordinances also impose unconstitutional viewpoint-based restrictions on Counselors' speech, but Counselors reserve this and their other First Amendment arguments for merits briefing.

5

*Reed*'s "stringent standard" mandating strict scrutiny for all content-based restrictions on speech and condemned the invidious discrimination inherent in bans on the speech of licensed professionals. 138 S. Ct. at 2371 ("As a general matter, such laws 'are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests.'"). Moreover, the Court expressly rejected the erroneous conclusion that content-based regulations of so-called "professional speech" do not receive strict scrutiny, **abrogating by name the two principal authorities upon which the ordinances at issue in this case had been expressly based** – *King v. Governor of New Jersey*, 767 F.3d 216 (3d Cir. 2014), and *Pickup v. Brown*, 740 F.3d 1208 (9th Cir. 2014):

> So defined, these courts [*i.e.*, *King* and *Pickup*] except professional speech from the rule that content-based regulations of speech are subject to strict scrutiny . . . . **But, this Court has not recognized professional speech as a separate category of speech. Speech is not unprotected merely because it is uttered by professionals**.

*NIFLA*, 138 S. Ct. at 2371–72 (emphasis added)). And, confirming that content-based restrictions on the speech of licensed professionals receive strict scrutiny, *NIFLA* reiterated, "[Governments] cannot choose the protection that speech receives under the First Amendment, as that would give them a powerful tool to impose invidious discrimination of disfavored subjects," *id.* at 2375, such as counseling to

6

help a minor voluntarily seeking to reduce or eliminate unwanted sexual attractions, behaviors, or identity.

This Court too, sitting en banc in *Wollschlaeger*, applied *Reed* and held that "[c]ontent-based restrictions on speech normally trigger strict scrutiny." 848 F.3d 1293, 1308 (citing *Reed* 135 S.Ct. at 2231). Thus, binding precedent required the district court to subject the ordinances to strict scrutiny.

To be sure, the district court properly recognized that the ordinances regulate counseling "that is effectuated **entirely through speech**." (Order Den. Pls.' Mot. Prelim. Inj., Dist. Ct. Doc. 141 (hereinafter, "Order"), at 3–4 (emphasis added) (a copy of the Order is attached hereto as Exhibit A).) The district court also concluded that "[t]he ordinances also arguably are content-based, as **they apply 'to particular speech because of the topics discussed or the idea or message expressed**.'" (*Id.* at 4 (emphasis added).) Nonetheless, the district court remarkably decided it "need not resolve whether strict scrutiny is the applicable standard and whether the ordinances are the *least* restrictive means that Defendants could have use to achieve

7

their interest . . . ." (*Id.*).[4] This error in declining to apply or even identify the correct constitutional standard is the first part of a twofold deprivation of a meaningful determination of Counselors' rights below. The second deprivation was the district court's imposition of the wrong burden of proof. (*See infra* Part III.)

### III. THE DISTRICT COURT DISREGARDED BINDING PRECEDENT REQUIRING THE LOCALITIES TO PROVE NARROW TAILORING OF THEIR ORDINANCES AND SADDLED COUNSELORS WITH THE LOCALITIES' FAILURES OF PROOF.

Although the Supreme Court has held unequivocally that "the burdens **at the preliminary injunction stage** track the burdens at trial," *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006), the district court improperly reversed the burdens for Counselors: "While at trial Defendants will have the burden of demonstrating the constitutionality of their ordinances, at the preliminary injunction state, the burden is **on the Plaintiffs** to establish that they

---

[4] In a Middle District of Florida case challenging the City of Tampa's counseling ban ordinance, substantively identical to the Localities' ordinances at issue in this appeal, Magistrate Judge Amanda Arnold Sansone issued a Report and Recommendation properly concluding that, in light of *NIFLA* and *Wollschlaeger* (and *NIFLA*'s abrogation of *King* and *Pickup*), **Tampa's ordinance is a content-based restriction on speech subject to strict scrutiny**. Report and Recommendation, *Vazzo v. City of Tampa*, No. 8:17-cv-2896-T-02AAS (M.D. Fla. Jan. 30, 2019) (hereinafter, "*Vazzo* R&R"), at 19–25 (the *Vazzo* R&R was filed in the district court below at Doc. 138-2, and a copy is attached hereto as Exhibit B). **Judge Sansone also correctly concluded that the Tampa ordinance failed the strict scrutiny analysis, and recommended that it be enjoined**. *Vazzo* R&R at 26–29. The *Vazzo* R&R remains subject to the district judge's review.

8

have a substantial likelihood of success on the merits at trial." (Order at 5 (emphasis added).) *See Ashcroft v. ACLU*, 542 U.S. 656, 665 (2004) (holding, **on preliminary injunction motion**, "**the burden is on the government** to prove that the proposed alternatives will not be as effective as the challenged statute." (emphasis added)). Thus, the district court improperly yoked Counselors with the government's narrow tailoring burden, and counted **the government's** failure to convince the court on narrow tailoring as **Counselors'** failure:

> **It is not clear from the record at this stage that the ordinances are the 'least restrictive means' to protect minors** . . . . Regardless, the Court need not probe the depths of the least restrictive means requirement at this stage. For now, it is sufficient to conclude that whether one or both of the ordinances survive the least restrictive means analysis is a close question, **and Plaintiffs have not met their burden of demonstrating substantial likelihood of success on this point.**"

(Order at 50 (emphasis added).)

The Third Circuit recently reversed the denial of preliminary injunctive relief on the same grounds:

> In considering whether to grant preliminary injunctive relief, the District Court observed that Defendants failed to produce evidence that "made a clear showing" the ordinance was narrowly tailored. Yet it determined that Plaintiffs bore the burden of demonstrating their likelihood of success on the merits, and they failed to do so on the scant record before it. **Plaintiffs contend that the District Court erred in placing this burden on them. We agree**.

9

*Reilly v. City of Harrisburg*, 858 F.3d 173, 179–80 (3d Cir. 2017) (emphasis added) (citation omitted), *as amended* (June 26, 2017).

Moreover, as the district court was aware, and as will be shown to this Court in Counselors' briefing, each of the Defendants-Appellees admitted that it did not attempt or seriously consider any less restrictive regulation of Counselors' speech, which admissions cut off any possibility of Defendants–Appellees' carrying their narrow tailoring burdens. Contrary to the district court's conclusion, Counselors "**must be deemed likely to prevail**" where, as here, the government cannot carry **its** narrow tailoring burden on the motion for preliminary injunction. *Ashcroft*, 542 U.S. at 666 (emphasis added).[5]

The district court's clear deprivations of these foundational First Amendment protections—review of the content-based ordinances under strict scrutiny and requiring the Localities to prove narrow tailoring—compound the irreparable harm

---

[5] The district court cited *Wollschlaeger* to support its **in**decision on the applicable standard of review. (Order at 27 ("In *Wollschlaeger*, the Eleventh Circuit declined to say whether intermediate or strict scrutiny would be the appropriate standard of review."), 54–55.) If, however, the district court had held the Localities to the proper burden of proof on narrow tailoring, then the court would have been compelled to hold, as this Court held in *Wollschlaeger*, that the ordinances could not withstand intermediate or strict scrutiny. *See Wollschlaeger*, 848 F.3d at 1301 ("[B]ecause these . . . provisions do not survive heightened scrutiny . . . we need not address whether strict scrutiny should apply to them.").

10

suffered by Counselors. Not only do the ordinances deprive Counselors of their speech, but the district court's order deprives them of their judicial remedies.

## CONCLUSION

As indicated on the Transcript Information Form filed by Appellants on this same date, all necessary transcripts in this case are already on file. All parties are represented by counsel. This case was substantially briefed in the lower court. There is no roadblock to expediting briefing, argument and decision in this appeal.

Therefore, for good cause, shown above, Counselors respectfully request that the Court treat this motion as "time sensitive," and enter an order expediting the briefing, oral argument, and ultimate disposition of this appeal, and grant such other and further relief as the Court deems just and proper.[6]

Dated this February 22, 2019.

/s/ Horatio G. Mihet
Mathew D. Staver (Fla. 0701092)
Horatio G. Mihet (Fla. 026581)
Roger K. Gannam (Fla. 240450)
Liberty Counsel
P.O. Box 540774
Orlando, FL 32854
Phone: (407) 875-1776
E-mail: court@lc.org

*Attorneys for Plaintiffs–Appellants*

---

[6] Counsel for Plaintiffs-Appellants has conferred with counsel for Defendants-Appellees and was advised that both Defendants-Appellees oppose the relief requested herein.

## **CERTIFICATE OF WORD COUNT COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g)(1), the undersigned certifies that this Motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A). The Motion contains 2,482 words, according to the word count feature of the software (Microsoft Word) used to prepare the Motion. The Motion has been prepared in proportionately spaced typeface using Times New Roman 14 point.

                                                /s/ Horatio G. Mihet_____
                                                Horatio G. Mihet
                                                Counsel for Plaintiffs-Appellants

# **CERTIFICATE OF SERVICE**

I hereby certify that, on this February 22, 2019, a copy of the foregoing Motion was electronically filed through the Court's ECF system, and that I also provided a copy by e-mail to the following:

| *Attorneys for Defendant–Appellee City of Boca Raton, Florida* | *Attorney for Defendant–Appellee Palm Beach County, Florida* |
|---|---|
| Jamie A. Cole<br>jcole@wsh-law.com<br>Daniel L. Abbott<br>dabbott@wsh-law.com<br>Anne R. Flanigan<br>aflanigan@wsh-law.com<br>WEISS SEROTA HELFMAN<br>COLE & BIERMAN, P.L.<br>200 East Broward Boulevard<br>Suite 1900<br>Fort Lauderdale, FL 33301 | Helene C. Hvizd<br>hvizd@pbcgov.org<br>Senior Assistant County Attorney<br>Palm Beach County Attorney's Office<br>301 North Olive Avenue, Suite 601<br>West Palm Beach, FL 33401 |

/s/ Horatio G. Mihet
Horatio G. Mihet
*Attorney for Plaintiffs–Appellants*